UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VONICE CHAMP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-1090-B |
| | § | |
| DALLAS COUNTY COMMUNITY | § | |
| COLLEGE DISTRICT | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Dallas County Community College District's (DCCCD) Motion for Partial Dismissal. Doc. 7. For the following reasons, the Court **GRANTS** DCCCD's motion.

I.

BACKGROUND[1]

This is an employment-discrimination case. In August 1992, DCCCD hired Plaintiff Vonice Champ (Champ), a black woman. Doc. 1, Pl.'s Compl., 1. Champ was an employee of DCCCD for twenty-five years. *Id.* ¶ 104.

Champ alleges DCCCD denied her promotions because she is a black woman. *Id.* ¶¶ 12–110. She complained to DCCCD administrators in 2006 and in or around August 2014. *Id.* ¶¶ 20, 57–67. In June 2017, DCCCD fired Champ. *Id.* ¶¶ 104, 107–110.

In October 2017, Champ filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), Doc. 8, Def.'s App., 1, and on April 27, 2018, she filed suit,

---
[1] The Court draws its facts from Champ's complaint. Doc. 1.

Doc. 1, Pl.'s Compl., 1. Champ claims DCCCD violated Title VII and 42 U.S.C. § 1981 by discriminating against her on the basis of race and sex. Doc. 1, Pl.'s Compl., 1. DCCCD moves to dismiss both claims insofar as they rely on factual allegations outside of the statute of limitations. Doc. 7, Def.'s Mot., 1–2. Champ says her time-barred facts function as permissible factual background to support her causes of action. Doc. 9, Pl.'s Resp., 2. DCCCD's motion is ripe for review.

## II.

## LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The court will "not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is

not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Well-pleaded facts fail to achieve this plausibility standard when "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

## III.

## ANALYSIS

DCCCD moves to dismiss Champ's Title VII and § 1981 claims because many of the accompanying factual allegations occurred outside of the statute of limitations. Doc. 7, Def.'s Mot., 1–2. DCCCD says Champ's Title VII claim is based in part on events that occurred before December 30, 2016, and her § 1981 claim is based in part on events that occurred before April 27, 2016. *Id.* Champ agrees that her claims cannot rely on factual events that occurred before these dates. Doc. 9, Pl.'s Resp., 1. But she insists that those factual allegations simply provide factual background for her claims and need not fall within the statute of limitations. Doc. 9, Pl.'s Resp., 2.

The Court agrees with DCCCD—Champ's factual allegations prior to December 30, 2016 and April 27, 2016 cannot be pleaded as a basis for her claims. A plaintiff may only base her Title VII claim on events that occurred no more than 300 days prior to filing an EEOC charge. *Henson v. Bell Helicopter Textron, Inc.*, 128 F. App'x 387, 390 (5th Cir. 2005). And § 1981 claims can only be based on events that occurred two years prior to filing suit. *Byers v. Dall. Morning News Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). But a plaintiff may use facts that fall outside of the statute of limitations as factual background. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

Champ's complaint contains facts that fall inside and outside the permissible timeframes. But it is unclear what facts form the basis of her claims and what facts function only as background information. So, as far as the Court can tell, Champ is relying on all of the facts she pleaded as a basis for her claims. *See* Doc. 1, Pl.'s Compl., ¶¶ 112, 122, 132, 141, 151 (incorporating all of her factual allegations in her claims). This she cannot do because many of the events in her complaint occurred outside of the permissible timeframes.

IV.

CONCLUSION

For the reasons stated, the Court **GRANTS** DCCCD's Motion for Partial Dismissal, Doc. 7, and **DISMISSES without prejudice** her Title VII and § 1981 claims insofar as they are based on facts that occurred outside of the permissible timeframes. Champ may amend her complaint by August 31, 2018.

**SO ORDERED.**

**SIGNED: July 27, 2018.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE